Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000047
25-JUN-2015
09:26 AM

NO. CAAP-13-0000047

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CRAIG L. CONKLIN, Plaintiff-Appellant
v.
CONNIE FLOOD, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(Kona Division)
(CIVIL NO. 3RC11-1-684K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Plaintiff-Appellant Craig Conklin (Conklin) appeals from the Judgment filed on November 15, 2012,[1] in the District Court of the Third Circuit (District Court).[2] In his Complaint, Conklin alleged that his former landlord, Connie Flood (Flood), caused him to sustain physical injury by "[h]aving a friend assault [Conklin]." The District Court dismissed Conklin's Complaint with prejudice as time-barred pursuant to the two-year statute of limitations set forth in Hawaii Revised Statutes (HRS) § 657-7 (1993).[3] As explained below, we conclude that Conklin's

_____

[1] Conklin erroneously identifies the date of the Judgment as "12-3-11" in his notice of appeal.

[2] The Honorable David K. Kuwahara presided over the proceedings relevant to this appeal.

[3] HRS § 657-7 provides in relevant part: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after[.]"

submission of his "Ex Parte Application for Relief From Costs" (In Forma Pauperis Application) tolled the statute of limitations, and as a result, the District Court erred in dismissing his Complaint as time-barred.

I.

Conklin alleged in his Complaint that the "Date of Injury/Damage" was August 15, 2009.[4] Based on this allegation, the two-year statute of limitation under HRS § 657-7 ran on August 15, 2011. See Bauernfiend v. Aoao Kihei Beach Condominiums, 99 Hawai'i 281, 284, 54 P.3d 452, 455 (2002).

Conklin asserts that he submitted the In Forma Pauperis Application along with his Complaint to a clerk of the District Court on August 12, 2011 (before the expiration of the two-year limitations period), but that both documents were not file-stamped until August 16, 2011 (two years and one day after the alleged injury/damage). Flood argues that it is the file-stamp date on the Complaint that controls for purposes of the statute of limitations, and therefore, it does not matter when the In Forma Pauperis Application and the Complaint were submitted to the District Court clerk.

II.

The record shows that both the In Forma Pauperis Application and Conklin's Complaint bore the date August 12, 2011, next to Conklin's signature. More importantly, the In Forma Pauperis Application, on the back of the first page, was stamped as "RECEIVED" on August 12, 2011, by a District Court clerk.[5] The In Forma Pauperis Application was also granted by the District Court on August 15, 2011, as shown by the date next to the Judge's signature. The In Forma Pauperis Application with

---

[4] Flood did not challenge this alleged date of injury/damage in her motion to dismiss Conklin's Complaint. For purposes of this appeal, we assume that August 15, 2009, is the date that Conklin's cause of action accrued.

[5] As noted in the Supplemental Record on Appeal filed on May 21, 2015, the original physical record filed in the District Court was sent to this court.

the Judge's signed order granting it was file-stamped August 16, 2011, at 12:25 p.m. Conklin's Complaint was file-stamped three minutes later -- August 16, 2011, at 12:28 p.m.

III.

Based on this record, we conclude that Conklin's action against Flood for personal injury was instituted within the two-year statute of limitations. It is clear from the record that Conklin's In Forma Pauperis Application was submitted to and received by a District Court clerk on August 12, 2011. Under analogous circumstances, the Hawai'i Supreme Court has held that a pleading, the timely filing of which was necessary for the court to exercise jurisdiction, was filed when it was received by the court clerk. Doe v. Doe, 98 Hawai'i 144, 150-51, 44 P.3d 1085, 1091-92 (2002) (holding that a motion for a new trial and for reconsideration, which had to be filed within ten days after entry of the judgment or order for the family court to have jurisdiction to grant it, was filed when it was received by a court clerk). With respect to motions to proceed in forma pauperis, the supreme court has also held that the filing of a motion to proceed on appeal in forma pauperis, within the time period for filing a notice of appeal, satisfied the requirement of a timely notice of appeal, even though the document labeled notice of appeal by appellant was not filed within the time period for filing a notice of appeal. Kalauli v. Lum, 57 Haw. 168, 169-71, 552 P.2d 355, 356-57 (1976).

Courts from other jurisdictions have held in circumstances similar to Conklin's case that the filing of a motion to proceed in forma pauperis serves to toll the applicable statute of limitations. E.g., Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254-55 (E.D. Pa. 1993) (holding that when a motion to proceed in forma pauperis is submitted with a complaint, the filing of the motion tolls the applicable statute of limitations); Adams v. Heckler, 624 F.Supp. 63 (E.D. Pa. 1985) (same); Powell v. Jacor Communications Corporate, 320 F.3d 599, 603 (6th Cir. 2003) (holding that the

3

statute of limitations was tolled while the plaintiff's in forma pauperis petition was pending); Sullivan v. Eighth Judicial Dist. Court, 904 P.2d 1039, 1042 (Nev. 1995) (concluding that where the court clerk received a complaint and motion to proceed in forma pauperis, "for statute of limitations purposes, the complaint would have to be considered filed on the date of actual receipt by the clerk"). Indeed, a contrary rule would place indigent plaintiffs at a disadvantage by making the timeliness of complaints submitted with an in forma pauperis application turn on the speed at which the court is able to decide the application. See Richardson, 836 F.Supp. at 254-55.

IV.

Based on the foregoing Hawai'i Supreme Court precedents as well as decisions from other jurisdictions, we hold that the statute of limitations on Conklin's personal injury action was tolled when his In Forma Pauperis Application was submitted to and received by the District Court clerk on August 12, 2011. Accordingly, Conklin's Complaint, which was filed three minutes after the order granting his In Forma Pauperis Application was filed on August 16, 2011, was filed within the two-year statute of limitations. The District Court therefore erred in dismissing Conklin's Complaint as time-barred pursuant to the statute of limitations.

V.

We vacate the District Court's Judgment and remand the case for further proceedings.

DATED: Honolulu, Hawai'i, June 25, 2015.

On the briefs:

Craig L. Conklin
Plaintiff-Appellant
Pro Se

Stephen D. Whittaker
for Defendant-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

4